UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 3:15-cr-00011-MMD-VPC-1 |
| Respondent/Plaintiff, | 3:20-cv-00377-MMD[1] |
| v. | ORDER |
| JULIO FEEHAN-JONES, | |
| Petitioner/Defendant. | |

I.    SUMMARY

Feehan-Jones plead guilty to one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (ECF No. 26) and on June 20, 2016, the Court sentenced him to 46 months imprisonment.[2] (ECF Nos. 32, 33). Before the Court is Feehan-Jones' amended motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255(a). (ECF No. 38 (the "Motion").)[3] Feehan-Jones filed his Motion in response to the Supreme Court's ruling in *Rehaif v. U.S.*, 139 S. Ct. 2191 (2019), arguing that the Supreme Court's reinterpretation of 18 U.S.C. §§ 922(g) and 924(a)(2) in *Rehaif* renders his indictment defective for failure to include a requisite mens rea element. But because Feehan-Jones' claims are procedurally barred, because he waived the right to raise constitutional claims like this

---

[1]Case No. 3:15-cr-00011-MMD-VPC-1 is the underlying criminal matter. Case No. 3:20-cv-00377-MMD is the civil matter opened when the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 was filed on June 20, 2020.

[2]The 46-month sentence was to run concurrently for 12 months with Nevada state case CR 15-0375 and 34 months running consecutively. (ECF Nos. 32, 33.)

[3]Feehan-Jones filed his initial motion on June 20, 2020 (ECF No. 35), and later amended that motion (ECF No. 38). The Court addresses the amended motion. (ECF No. 38.) The government opposes the Motion. (ECF No. 39.) Feehan-Jones filed a reply. (ECF No. 42.)

one when he plead guilty unconditionally, and as further explained below, the Court will deny the Motion.

## II.   BACKGROUND

On January 28, 2015, a grand jury indicted Petitioner Jesse Feehan-Jones on one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1.) As to Count One, Felon in Possession of a Firearm, the indictment alleges the following:

> On or about January 11, 2015, in the State and Federal District of Nevada, Jesse Feehan-Jones, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year . . . did knowingly possess a Beretta 9mm semi-automatic pistol . . . said possession being in and affecting interstate commerce in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(*Id.*) Feehan-Jones pled guilty in open court without a plea agreement. (ECF No. 27.) On June 20, 2016, the Court sentenced Feehan-Jones to 46 months imprisonment, 12 months running concurrently with Nevada state case CR 15-0375 and 34 months running consecutively, with three years of supervised release. (ECF Nos. 32, 33.) Judgment was entered on June 21, 2016. (ECF No. 33.) Feehan-Jones did not appeal his sentence. Feehan-Jones is currently incarcerated at Warm Spring Correctional Center until January 27, 2022, after which he will serve the remaining 32 months of in federal custody. (ECF No. 38 at 6.) On June 20, 2020, he filed the Motion. (ECF Nos. 35, 38.)

## III.   LEGAL STANDARD

As noted, Feehan-Jones requests his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255(a) following the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. (*Id.*) Under § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). On June 21, 2019, the Supreme Court decided *Rehaif,* overruling longstanding Ninth Circuit precedent regarding the required mens rea under 922(g) and 924(a)(2).[4] *See* 139 S. Ct.

---

[4] *See U.S. v. Enslin*, 327 F.3d 788,798 (9th Cir. 2003) (holding the government did not need to prove defendant knew of their prohibited status under 922(g).)

at 2200. Prior to the decision, the government was only required to prove the defendant knowingly possessed a firearm. *See id.* But under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* Thus, the decision added a new mens rea element to 922(g) and 924(a)(2).

## IV.   DISCUSSION

Feehan-Jones argues that his indictment failed to state a federal crime by omitting a necessary element of § 922(g)(1) required under *Rehaif*, depriving the court of subject matter jurisdiction and rendering his conviction unconstitutional. (ECF No. 38.) As to the constitutionality of the conviction, Feehan-Jones claims that the indictment lacked a cognizable claim, violating his Fifth Amendment right requiring that the grand jury find probable cause to support all necessary elements of the crime, and his Sixth Amendment right guaranteeing notice of the nature and cause of the accusations against him. (*Id.*) Further, Feehan-Jones argues that the government was required to demonstrate not only that he knew of his prohibited status, but also that he knew his status prohibited him from possessing a firearm. (*Id.*) Ultimately, Feehan-Jones maintains these errors are structural, requiring the Court vacate his conviction and release him. (*Id.*)

The government responds that Feehan-Jones' claims are waived by his unconditional guilty plea, and procedurally barred because they were not raised on direct appeal. (ECF No. 39.)

As further explained below, the Court addresses each issue Feehan-Jones raises and finds as follows. First, Feehan-Jones' petition is timely. Second, *Rehaif* applies retroactively. Third, the government is not required to demonstrate Feehan-Jones knew he was barred from possessing a firearm. Fourth, the Court had subject matter jurisdiction at the time it imposed his sentence. Fifth, Feehan-Jones' claims are procedurally barred because while he can demonstrate cause, he has failed to demonstrate prejudice and there is no structural error. Finally, Feehan-Jones waived his right to bring a challenge by

pleading guilty. In short, the Motion is ultimately denied because Feehan-Jones waived his right by pleading guilty and the Motion is procedurally barred.

### A.    The Petition is Timely

Under 28 U.S.C. § 2255, a "1-year period of limitation" applies and runs from the latest of four time triggers.[5] *See* 28 U.S.C. § 2255. Feehan-Jones claims that his Motion is timely because it was filed within one year of *Rehaif* being decided. (ECF No. 38 at 11.) Under this standard, the Motion is timely. *Rehaif* was decided June 21, 2019, and thus Feehan-Jones had until June 20, 2020 to file for relief. His initial motion was filed June 20, 2020 (ECF No. 35), with the amended motion filed June 22, 2020 (ECF No. 38). Thus, it was filed within one year of the Court's decision in *Rehaif*. Moreover, the government does not contest timeliness.

### B.    Retroactivity

Feehan-Jones next argues that the new rule established in *Rehaif* applies retroactively to his case. (ECF No. 38 at 11-12.) As the government does not dispute retroactivity,[6] the Court assumes without deciding that *Rehaif* applies retroactively to Feehan-Jones' § 2255 claims. *See U.S. v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020).

///

---

[5]The four time triggers are: "(1) The date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

[6]The government only cursorily addresses retroactivity and at no point refutes Feehan-Jones' argument that *Rehaif* applies retroactively. (ECF No. 39 at 6 ("Just as Feehan-Jones argues with respect to the retroactivity analysis, *see* ECF No. 38, at 11-12, the government believes that *Bailey v. United States*, 516 U.S. 137 (1995) provides an 'excellent parallel' for the procedural default analysis.").)

### C.    Required Proof

Feehan-Jones further argues that the plain language of *Rehaif* requires the government not only demonstrate he knew of his prohibited status—as previously convicted of a crime punishable by more than one year—but knew that this status barred him from possessing a firearm. (ECF No. 38 at 8-10.) The Court finds that the government was only required to prove that Feehan-Jones knew of his prohibited status, not that Feehan-Jones knew his status barred him from possessing a firearm. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### D.    Subject Matter Jurisdiction

Next, Feehan-Jones argues that because the indictment did not describe each element of the offense he was charged with, it failed to make out a federal offense, depriving the Court of jurisdiction under 18 U.S.C. § 3231—a defect constituting structural error. *See U.S. v. Ratigan*, 351 F.3d 957, 962-63 (9th Cir. 2003). To the extent the indictment was defective for failing to allege the mens rea element under *Rehaif*, it did not deprive this Court of subject matter jurisdiction. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### E.    Procedural Default

The government also argues that Feehan-Jones' claims are procedurally defaulted. (ECF No. 39 at 6.) While a defendant is permitted to attack the legality of his sentence or conviction, a defendant who fails to raise the claim on direct appeal is procedurally defaulted unless the defendant can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley* 523 U.S. at 622 (citations omitted); *U.S. v. Frady,* 456 U.S. 152, 167-168 (1982).

Feehan-Jones does not contest that he did not raise the claim in the Motion during his direct appeal, but Feehan-Jones responds he can overcome his procedural default because the errors in his indictment are structural, requiring only a showing of cause to set it aside. (ECF No. 38 at 13-14, 17-24.) Alternatively, Feehan-Jones argues that he can overcome procedural default because he has sufficiently demonstrated cause and

1  prejudice. (ECF No. 42 at 9-17.) The Court finds that Feehan-Jones demonstrates cause

2  but not prejudice or structural error.

3    **1. Cause**

4     A defendant has cause to overcome procedural default when the "constitutional

5  claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*,

6  468 U.S. 1, 16 (1984). A claim is not reasonably available if it "overturn[s] a longstanding

7  and widespread practice to which this Court has not spoken, but which a near-unanimous

8  body of lower court authority has expressly approved." Id. at 17 (quotation omitted).

9     The Court finds Feehan-Jones has cause because *Rehaif* overturned longstanding

10 practice approved by a near unanimous body of lower courts, making his claim based on

11 *Rehaif* "novel." *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

12   **2. Prejudice**

13    The actual prejudice prong of the procedural default analysis requires a defendant

14 show "not merely that the errors created a possibility of prejudice, but that they worked to

15 his actual and substantial disadvantage, infecting his entire proceedings with error of

16 constitutional dimensions." *Murray v. Carrier*, 477 US at 478, 488 (1986). For defective

17 indictments, the question is "whether an error or omission in an indictment worked to the

18 prejudice of the accused." *U.S. v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). More

19 specifically, the question is whether the defendant had "been given adequate knowledge

20 of the missing element[] in order to satisfy the due process requirement." *Id.* at 1318.

21    Feehan-Jones argues that without adequate knowledge of the missing element,

22 due process was not satisfied because he was not given notice and not able to put on a

23 thorough defense. (ECF No 42 at 23.) The government relies on the Ninth Circuit's

24 decision in *U.S. v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), to argue in response

25 that, given his criminal history, no reasonable possibility exists that Feehan-Jones did not

26 know he had been convicted of a crime for which he could be sentenced to more than a

27 year imprisonment. (ECF No. 39 at 18-20.)

28 ///

In *Benamor*, the defendant filed a petition for rehearing following *Rehaif*, arguing that the evidence was insufficient because the government failed to prove he knew he was a felon. *See* 937 F.3d at 1188. The Ninth Circuit pointed to the defendant's stipulation that he had been convicted of a crime punishable by more than one year to relieve the government's burden. *See id.* But the Ninth Circuit also acknowledged that "the stipulation does not end the discussion as to Defendant's *knowledge* of his status." *Id.* Rather, the court pointed to defendant's seven prior felony convictions, several of which were sentences for more than one year imprisonment imposed, as well as the nine years he actually spent in prison, and conclusively indicated that there was no error in not instructing the jury to find knowledge of prohibited status. *Id.* And although, as Feehan-Jones points out, the plain error standard does not apply here,[7] *Benamor* is instructive. There, the Ninth Circuit relied on the stipulation but focused primarily on prior convictions and sentences and the nine years in prison. Many courts determining prejudice have similarly relied predominantly on a defendant's criminal history to find it is implausible that the defendant did not know they had been convicted of a crime punishable by imprisonment for a term exceeding one year.[8]

---

[7]"The government does not cite to any case applying the plain error standard to habeas petitions. In fact, 'use of the 'plain error' standard to review [a] § 2255 motion [is] contrary to long-established law.'" (ECF No. 42 at 19 (citing *Frady*, 456 U.S. at 167).)

[8]*See e.g., U.S. v. Reynolds*, Case No. 2:16-cr-00296-JAD-PAL-3, 2020 WL 5235316, at *4 (D. Nev., Sept. 2, 2020) (finding that 13 total years in prison on five felony convictions "renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice arguments."); *U.S. v. Lowe*, Case No. 2:14-cr-00004-JAD-VCF, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (finding that evidence of serving five years in prison "proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of 'a crime punishable by imprisonment for a term exceeding one year.'"); *Whitley v. U.S.*, Case No. 04 Cr. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (finding that "any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. U.S.*, Case No. 1:12-cr-00084-JAW, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020) ("The record, including the presentence investigation report, shows that Petitioner had

Here, the Court similarly finds it implausible that Feehan-Jones was unaware of his prohibited person status, as formerly convicted of a crime punishable by imprisonment for a term exceeding one year, given his criminal history. By the time Feehan-Jones allegedly possessed the firearm, he had been convicted of several criminal offenses, sentenced to several terms of imprisonment exceeding one year, and served more than a year in prison. (ECF No. 39 at 2-3.)[9]

Most notably, in 2001, he was convicted of a felony and sentenced to 12 to 32 months imprisonment suspended, with 24 months of probation. (*Id.*) Probation was later revoked, and the suspended sentence imposed. (*Id.*) In 2012, he was charged with another felony and again sentenced to 12 to 36 months imprisonment, suspended, with the original sentence later imposed. (*Id.*) Finally, and most convincingly, in 2002 he was convicted of a felony and sentenced to 12 to 36 months imprisonment. (*Id.*). Thus, as other courts have concluded,[10] Feehan-Jones is unable to demonstrate prejudice given his criminal record and sentencing history.

The Court finds that Feehan-Jones did not suffer prejudice. Accordingly, Feehan-Jones cannot overcome procedural default.

///

///

---

numerous prior felony convictions over many years before the § 922(g) conviction at issue…[thus] the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm."); *Floyd v. U.S.*, Case No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) ("His plea agreement stated that he had previously been convicted of a crime (heroin manufacturing/delivery) for which he was sentenced to *four years* in prison, and he admitted at his plea hearing that he 'had been convicted of at least one crime punishable by imprisonment for a term exceeding one year. It is inconceivable that Floyd would have declined to plead guilty…'") (citations omitted).

[9] These prior offenses are summarized in Freehan-Jones' presentence investigation report.

[10]As discussed above in footnote 8, other courts have predominantly relied on the amount of time in custody to find no prejudice exists. *See, e.g., Lowe*, 2020 WL 2200852, at *2 n.15 (collecting cases).

### 3.    Structural Error

Alternatively, Feehan-Jones argues that the constitutional errors are structural, requiring only a showing of cause and not prejudice. Structural errors are those that "affect the framework within which the trial proceeds" and is not "simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). Feehan-Jones relies on *U.S. v. Inzunza* to argue that a "defective indictment is a structural flaw not subject to harmless error review." 638 F.3d 1006, 1016-17 (9th Cir. 2011).

The Ninth Circuit has yet to decide if the issue presented by *Rehaif* is structural. Circuit courts are split, with only the Fourth Circuit finding structural error.[11] But, the Court finds no structural error fatally infected Feehan-Jones' indictment for two reasons.

First, the Supreme Court has found that structural error is applied "only in a very limited class of cases." *Johnson v. U.S.*, 520 U.S. 461, 468 (1997).[12] The error here does not rise to the level of errors the Supreme Court has recognized as structural. The government relies on the case of *Neder v. U.S.*, 527 U.S. 1, 8 (1999) as a comparison. (ECF No. 39 at 12-13.) In *Neder* the Court found that lack of a specific jury finding or admission of a particular offense element is not structural error in the context of trial. *Id.* Although the facts differ because Feehan-Jones' claim is about a defective indictment not a defective jury instruction, the Court is inclined to find that the error here is more

---

[11] *See U.S. v. Hicks*, 958 F.3d 399 (5th Cir. 2020) (finding no structural error); *U.S. v. Watson*, 820 Fed. Appx. 397 (6th Cir. 2020) (finding no structural error); *U.S. v. Maez*, 960 F.3d 949, 957-58 (7th Cir. 2020) (finding no structural error); *U.S. v. Coleman*, 961 F.3d 1024 (8th Cir. 2020) (finding no structural error); *U.S. v. Trujillo*, 960 F.3d 1196, 1205-06 (10th Cir. 2020) (finding no structural error); *U.S. v. Gary*, 954 F.3d 194, 207–08 (4th Cir. 2020) (finding structural error).

[12] The Supreme Court has recognized structural error in the following circumstances: *Gideon v. Wainwright*, 372 U.S. 335 (1963) (finding a total deprivation of the right to counsel structural error); *Turney v. Ohio*, 273 U.S. 510 (1927) (finding lack of an impartial trial judge structural error); *Vasquez v. Hillery*, 474 U.S. 254 (1986) (finding unlawful exclusion of grand jurors of defendant's race structural error); *McKaskle v. Wiggins*, 465 U.S. 39 (1984) (finding the the denial of the right to self-representation at trial structural error); *Waller v. Georgia*, 467 U.S. 39 (1984) (finding the denial of the right to a public trial structural error); *Sullivan v. Louisiana*, 508 U.S. 275 (1993) (finding an erroneous reasonable-doubt instruction to a jury structural error).

similar in kind to that in *Neder,* as compared to the cases cited above where structural error was found.[13] Next, in *Rehaif* itself, the Supreme Court remanded the case for harmless error review rather than dismissing the conviction. *See,* 139 S. Ct. at 2200. This suggests *Rehaif* errors are not structural.

Given the above, the Court finds *Rehaif* error is not structural.

**F.    Claims Waived by Unconditional Guilty Plea**

Finally, the government argues that by pleading guilty unconditionally, Feehan-Jones waived his right to make any non-jurisdictional challenges to the indictment under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). (ECF No. 39 at 15.) The Court finds Feehan-Jones' claims are barred by his guilty plea. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1. Therefore, the claims are both procedurally barred, as discussed above, and also barred by his guilty plea.

**V.    CERTIFICATE OF APPEALABILITY**

Before Feehan-Jones can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

///

///

///

///

---

[13]See footnote 12.

1

**V.     CONCLUSION**

2       The Court notes that the parties made several arguments and cited to several

3  cases not discussed above. The Court has reviewed these arguments and cases and

4  determines that they do not warrant discussion as they do not affect the outcome of the

5  motion before the Court.

6       It is therefore ordered that Feehan-Jones' motion to vacate, set aside, or correct

7  his conviction and sentence (ECF Nos. 35, 38) is denied.

8       It is further ordered that a certificate of appealability is denied.

9       The Clerk is directed to enter judgment in accordance with this order and close this

10  case.

11       DATED THIS 2nd Day of December 2020.

12

13

14                                          MIRANDA M. DU
                                           CHIEF UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28